IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAZIYA DANIELS and KAREN KOSTECKI, individually and on behalf of all similarly-situated persons, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | Case No. Judge Magistrate Judge |
| v. | |
| RUSH UNIVERSITY MEDICAL CENTER, VYRIDIAN REVENUE MANAGEMENT LLC | Jury Trial Demanded |
| Defendants. | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs RAZIYA DANIELS ("Daniels") and KAREN KOSTECKI ("Kostecki") (collectively "Plaintiffs"), by and through their attorneys, ROBIN POTTER & ASSOCIATES, P.C., on behalf of themselves and all similarly-situated persons, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, complain of Defendants Rush University Medical Center ("Rush") and Vyridian Revenue Management LLC ("Vyridian"), and their successors and assigns, (collectively "Defendants"), as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the FLSA and the IMWL as a result of Defendants' failure to pay all earned overtime wages due to Plaintiffs Daniels, Kostecki and all other similarly-situated persons.

2. Plaintiffs and the class they seek to represent are former employees of Defendants, who worked as Certified Coders.

3. Defendants misclassified Plaintiffs as exempt from the FLSA and IMWL's overtime provisions.

4. Plaintiffs and the class worked more than 40 hours in individual work weeks, but were not paid their earned wages for all the hours they worked or their overtime wages at the rate of 1.5 times their regular rate of pay as required by the FLSA and the IMWL.

## JURISDICTION AND VENUE

5. This action is brought as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a class action under the IMWL, 820 ILCS ' 105/1, *et seq*.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the State claims under 28 U.S.C. § 1367.

7. Venue is properly placed in this District because the Defendants are transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).

## PARTIES

8. Plaintiffs Daniels and Kostecki reside in Illinois. Plaintiffs are former employees of Defendants, and worked primarily at Defendants' office at 300 S. Ashland Avenue, Chicago, Illinois.

9. Defendant Rush University Medical Center ("Rush") is an Illinois non-profit corporation operating under that and a variety of related names, including Rush University Medical Group. At all times relevant, Defendant Rush conducted business in the State of Illinois, including within this judicial district.

10. Defendant Vyridian Revenue Management LLC ("Vyridian") is an Illinois member-managed limited liability corporation whose sole member is Rush University Medical Center.

11. Vyridian operates as a division of Rush, providing medical coding and billing services to Rush, including but not limited to its doctors, hospital, and clinical services.

12. At all times relevant hereto, Plaintiffs were Defendants' "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and the IMWL, 820 ILCS § 105/3(d).

13. At all times relevant hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 2013(d) and the IMWL, 180 ILCS § 105/3(c).

14. Defendants effectuated and knowingly permitted the practices complained about herein.

## STATEMENT OF FACTS

15. Plaintiffs incorporate paragraphs 1 through 14 as if fully set forth herein.

16. Plaintiffs and the class of employees they seek to represent worked for Defendants as Certified Coders in the Vyridian department. Plaintiffs and the class all shared similar job titles, training, compensation plans, policies and job requirements and duties.

17. Daniels was employed by Defendants from approximately August 2013 to June 2014. She worked as a Certified Coder primarily out of Defendants' office at 300 S. Ashland Avenue Chicago, Illinois. Prior to her official hire date, Daniels did substantially the same work for the Defendants, but as an hourly temporary employee.

18. Kostecki was employed by Defendants from approximately January 2012 to December 2013. She worked as a Certified Coder primarily out of Defendants' office at 300 S. Ashland Avenue Chicago, Illinois.

19. Upon information and belief, Defendants' timekeeping and pay practices for Certified Coders, as alleged herein, were the same for all Certified Coders in the Vyridian department.

20. Attached are two signed consent forms from putative class members in addition to the named plaintiffs. Each class member has worked as a Certified Coder for Defendants in the Vyridian department.

21. At all relevant times referenced herein, the Plaintiffs' primary duties involved the performance of non-exempt labor, including manually cross-checking whether the doctors' reported services and/or procedures were billed each month ("reconciliation reports" and "month-ends"), verifying doctors' documentation of services and/or procedures matched the relevant billing codes ("work queues"), verifying documentation of services and/or procedures after insurance companies refused to pay a bill ("site grids"), and manually marking paper documentation of services and/or procedures with billing codes ("paper coding").

22. Throughout their employment with Defendants, Plaintiffs and the class were required to, and regularly worked more than 40 hours a week. Defendants required, approved and/or suffered and permitted Plaintiffs to work more than 40 hours per week, and/or knew or should have known Plaintiffs worked more than 40 hours per week.

23. Throughout their employment by Defendants, Plaintiffs and the class were paid a base salary regardless of the hours they worked. Plaintiffs did not receive any additional compensation for hours worked in excess of 40 per week in direct violation of the FLSA and IMWL.

24. Throughout their employment, Defendants failed to maintain accurate records of time worked by Plaintiffs and the class.

25. Defendants' conduct was willful, including that they required, approved and/or suffered or permitted Plaintiffs and the class to perform non-exempt work, but paid them as exempt salaried employees.

26. Throughout the Collective Action Period, Defendants, upon information and belief, failed to post or keep posted notices required by the FLSA.

## COUNT I
*Willful Failure to Pay Overtime in Violation of the Fair Labor Standards Act*

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs incorporate paragraphs 1-26 as if fully set forth herein.

28. Plaintiffs seek to represent an FLSA class comprised of and defined as:

> All persons who have been employed by Defendants as Certified Coders, or in other similar job positions, in the Vydridian department at any time from May 2012 through and including the present and until final resolution of the case, and who have not been paid overtime rates of pay of 1.5 times their regular rate for all time worked over 40 hours in individual work weeks (herein "FLSA Class").

29. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b).

30. The named Plaintiffs and members of the proposed FLSA Class worked in excess of forty hours in a work week, but were not compensated at the applicable overtime rate for those hours.

31. The named Plaintiffs and members of the proposed FLSA Class have been equally affected by Defendants' violations, which amount to a single decision, policy or plan to avoid paying all earned and overtime wages.

32. Plaintiffs do not fall under any exemption or exception to the FLSA's overtime pay requirements.

33. Plaintiffs estimate the collective or class of employees to be in excess of 20 individuals.

34. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

35. Defendants' books and records are material to Plaintiffs' case as they disclose some of the hours worked by members of the FLSA Class and the amounts they were paid for that work.

36. Under the FLSA, 29 U.S.C. § 211(c), Defendants were required to maintain accurate records of hours worked by Plaintiffs.

37. Under the FLSA, 29 U.S.C. § 207(a)(1), Defendants were required to compensate Plaintiffs and the class for all hours worked and to pay a rate of time and a half their regular rate of pay for all overtime, i.e., hours worked in excess of 40 hours per work week.

38. At all relevant times herein, Defendants failed to maintain accurate records of the hours worked by Daniels, Kostecki, and other class members.

39. Defendants' conduct was willful and intentional, in that Defendants regularly required, approved and/or suffered or permitted Plaintiffs to work overtime hours for which they were not compensated at the statutory rates, or knew or should have known Plaintiffs worked overtime hours for which they were not compensated at the statutory rates.

40. As a result of Defendants' policy and practice of failing to pay Plaintiffs overtime compensation, Plaintiffs have been damaged and not received wages due and owing, pursuant to the FLSA.

**WHEREFORE**, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants for the following:

a) An award of back pay equal to the amount of all unpaid overtime compensation;
b) Finding Defendants' conduct alleged herein to be willful and award compensation for at least three years prior to the filing of this action;
c) An award of liquidated damages equal to the amount of all unpaid minimum wage and overtime compensation, or alternatively, prejudgment interest;
d) Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b); and
e) Such other relief as this Court deems necessary and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### IMWL CLASS ACTION ALLEGATIONS

41. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 above as if fully set forth herein.

42. With respect to the IMWL claims, Plaintiffs seek to represent a class that is comprised of and defined as

> All persons who have been employed by Defendants as Certified Coders, or in other similar job positions, in the Vydridian department at any time from May 2012 through and including the present and until final resolution of the case, and who have not been paid overtime rates of pay of 1.5 times their regular rate for all time worked over 40 hours in individual work weeks (herein "IMWL Class").

43. This action is brought as a class action pursuant to the Federal Rules of Civil Procedure Rule 23.

44. Plaintiffs estimate the class of employees who have been subjected to the Defendants' common unlawful pay practices during the respective Class Period to be more than 20 persons.

45. Because the IMWL Class is so numerous, joinder of all class members is impracticable.

46. The Named Plaintiffs and the IMWL Class have been equally affected by Defendants' failure to pay wages and overtime to the Plaintiffs and the Class.

47. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations, if any, that may exist between the members of the class.

48. The Named Plaintiffs and the IMWL Class and Defendants have a commonality of interest in the subject matter and the remedy sought.

49. The Named Plaintiffs are able to fairly and adequately represent and protect the interests of the IMWL Class.

7

50. Plaintiffs' counsel is competent and experienced in litigating large wage and hour and other employment actions.

51. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL Class, to the Court and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

52. Under the Illinois Minimum Wage Law, 820 ILCS 105/4, Defendants were required to pay Plaintiffs at least the minimum wage for all regular hours worked.

53. The Illinois Minimum Wage Law requires employers to maintain accurate records of hours worked by employees. 820 ILCS § 105/8.

54. Defendants regularly under-reported the time worked by Daniels, Kostecki, and other class members on their check stubs.

55. 820 ILCS § 105/4(a) requires Defendants to compensate employees at a rate of time and one-half their regular rate of pay for overtime hours, i.e., hours worked in excess of 40 in a workweek.

56. Defendants failed to compensate Daniels, Kostecki, and other class members for all overtime hours which were worked but were not recorded in Defendants' time records.

57. Defendants were aware of, required, suffered and/or permitted Daniels, Kostecki, and the class to work unpaid overtime hours.

58. Defendants' conduct complained of herein was willful and intentional, in that Defendants required, approved and/or suffered or permitted Plaintiffs to work hours for which they were not

paid, and which were required to be paid, or knew or should have known Plaintiffs worked hours for which they were not paid, and which were required to be paid.

59. Because of Defendants' willful violation of the IMWL, Plaintiffs have been damaged in that they have not received wages due and owing pursuant to the IMWL.

**WHEREFORE,** Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants for the following:

a) Actual damages;
b) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS § 105/12;
c) Attorneys' fees and costs of this action pursuant to 820 ILCS § 105/12(a); and
d) Such other relief as this Court deems necessary and just.

60. Plaintiffs demand a trial by jury.

                                          Respectfully Submitted,

                          By:    /s/ Robin Potter
                                  One of Plaintiffs' Attorneys

Robin Potter, Esq.
M. Nieves Bolanos, Esq.
Patrick Cowlin, Esq.
Robin Potter & Associates, P.C.
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 861-1800
(312) 861-3009 Facsimile
robin@potterlaw.org
nieves@potterlaw.org
patrick@potterlaw.org