TQM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAZIYA DANIELS and KAREN
KOSTECKI, individually and on behalf of all
similarly situated persons,

        Plaintiffs,

v.

RUSH UNIVERSITY MEDICAL CENTER
and VYRIDIAN REVENUE MANAGEMENT
LLC,

        Defendants.

No. 1:15-cv-03882

Judge John W. Darrah
Magistrate Judge Sheila Finnegan

**ORDER APPROVING SETTLEMENT AND DISMISSING ACTION**

After fully and carefully reviewing the Parties' Joint Motion for Approval of Settlement,

Service Awards, and Attorneys' Fees and Costs, ("Joint Motion for Approval of Settlement"),

the Court hereby ORDERS that:

    1.    This Court has jurisdiction over the subject matter of this action and over all

Parties to this action.

    2.    The Court finds that a collective action as defined below meets the requirements

of 29 U.S.C. § 216(b) for settlement purposes and hereby certifies the collective action as

follows:

> Any and all current and former employees employed by Defendants in the position of
> Certified Coder or Senior Certified Coder at any time from May 1, 2012 to April 26,
> 2015 and who were classified as exempt under federal and state wage/hour laws, as listed
> on the Class List attached as Exhibit A to the Parties' Joint Stipulation of Settlement and
> Release.

3.     Named Plaintiffs Raziya Daniels and Karen Kostecki are hereby appointed as Class Representatives for the certified collective action.

4.     Robin Potter & Associates, P.C. is hereby appointed as Class Counsel for the certified collective action.

5.     The Parties' Joint Stipulation of Settlement and Release ("Joint Stipulation") is APPROVED as a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation.

6.     The formula for allocation of settlement payments set forth in the Settlement Agreement is APPROVED as a fair, equitable, and reasonable measure for calculating and distributing the settlement payments to Plaintiffs.

7.     The Notice to be sent to Class Members constitutes the best notice practicable under the circumstances, including individual notice to all Class Members who can be identified with reasonable effort, and constitutes valid, due and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution.

8.     The attorneys' fees and costs identified in the Joint Stipulation and requested by Plaintiffs' Counsel in the Parties' Joint Motion for Approval of Settlement are hereby APPROVED and Defendants are ORDERED to make payment of $75,000.00 for attorneys' fees and costs accordance with the terms of the Joint Stipulation. The fees and costs requested are reasonable, and consistent with the case authority given the conditions of the legal market and the outcome achieved on behalf of the class.

9.     The Service Awards of $4,000.00 each named Plaintiff, as identified in the Joint Stipulation and requested by Plaintiffs in the Parties' Joint Motion for Approval of Settlement

are hereby APPROVED as calculated to reasonably represent the effort expended by the named Plaintiffs to benefit the entire collective action.

10.     The terms of the Parties' Joint Stipulation are hereby incorporated into this Order and the Parties are ordered to comply with all terms of the Joint Stipulation. Defendants are ORDERED to make payments in accordance with the terms of the Joint Stipulation. The Class Representatives and each Class Member who cashes a settlement check in accordance with the Joint Stipulation shall be bound by the Joint Stipulation and shall release and forever discharge Defendants from all Released Claims as defined in the Joint Stipulation.

11.     This entire action is hereby dismissed without prejudice. This Court hereby retains jurisdiction of this action to enforce the terms of the Parties' Joint Stipulation. The Parties shall have 180 days from the date this Order is entered to move to reinstate this action. If a motion to reinstate is not filed on or before the 180th day after entry of this Order, the action shall be deemed dismissed with prejudice without further order of the Court, *nunc pro tunc* to the date this Order is entered.

SO ORDERED this 12th day of _____January_____, 2016 in Chicago, Illinois.

_____
Hon. Judge John W. Darrah
United States District Judge
Northern District of Illinois